DARROW v. POSTAL TELEGRAPH-CABLE CO. OF NEW YORK.

(District Court, M. D. Pennsylvania. January 6, 1915.)

No. 696.

PROCESS ☞148—QUASHING SERVICE—SUFFICIENCY OF EVIDENCE.

On application by a telegraph company, a New York corporation, to set aside the service of summons on the ground that the manager of a local telegraph office upon whom the summons was served was the agent of a Pennsylvania corporation of the same name, and not of the New York corporation, evidence as to the relations between the two corporations *held* insufficient to rebut the prima facie presumption that the return was true and the service sufficient.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 201; Dec. Dig. ☞148.]

At Law. Action by Jessie G. Darrow against the Postal Telegraph-Cable Company of New York. On rule to set aside service of the summons. Rule dismissed.

R. W. Archbald, of Scranton, Pa., and Paul J. Sherwood, of Wilkes-Barre, Pa., for plaintiff.

Warren, Knapp, O'Malley & Hill, of Scranton, Pa., for defendant.

WITMER, District Judge. Upon petition of the defendant, the Postal Telegraph-Cable Company, a corporation of New York, a rule was granted on the plaintiff to show cause why the service of the sum-

mons should not be set aside upon the ground, as alleged, that the marshal's return erroneously recited that S. G. Fitch, upon whom service was made, was at the time manager for the defendant and in charge of its office in the city of Scranton. Answer was made to the rule, and the issue raised has to do with the business relations of Mr. Fitch, in charge of the Postal Telegraph office in Scranton, and the defendant, New York corporation.

It is conceded that there are existing two severally chartered corporations, one a Pennsylvania and the other a New York corporation, both known as the Postal Telegraph-Cable Company, the officers of each being the same persons. A written lease was executed by several of these officers, in the name of the former corporation, for the rental of the offices wherein the Postal Telegraph Company does business in Scranton, through Mr. Fitch, as manager. It was also testified on behalf of defendant that Mr. Fitch was employed and paid by the Pennsylvania company, and that the New York company was not interested in the Scranton office and was not carrying on any business whatever in Pennsylvania. The conclusions expressed by the defendant's witnesses could be easily affirmed, were it not for a book here in evidence, entitled "List of Offices, Revised Tariff Instructions and Rules." On the ninth page of the book the following appears:

Postal Telegraph-Cable Co. Executive Office.

New York, January 1, 1914.
Instructions.

I. This book contains a complete list of telegraph offices of the Postal Telegraph-Cable Company and its connections. * * *

II. This Line Stations. Stations of the Postal Telegraph-Cable Company are known as "this line stations," and are indicated by the letter P placed before the name.

The following paragraph, III, has to do with "Connecting Line Stations," giving the names of companies classified as such, thus distinguishing from stations on "this line." On page 427 of the book is found the name of the Scranton office, indicated as a station on this line, and not therefore a connecting line station. The book furthermore shows a division of the territory of the United States into four divisions, Eastern, Western, Southern, and Pacific. Each division has a number of district superintendents. The Eastern division, embracing the state of Pennsylvania, has the following:

Division Superintendents.

1. Christopher F. Leonard, New York.
2. Edson Kimmey, New York.
3. Charles E. Bagley, Philadelphia, Pa.
4. Charles A. Richardson, Boston, Mass.
5. Harvey D. Reynolds, New York.
6. Henry Scrivens, Pittsburg, Pa.
7. Edward B. Pillsbury, New York.

District Superintendent Bagley testified that the manager of the Scranton office is required to make report of the business of his office once every month to the auditor, Felix J. Kernan, who has offices at 253 Broadway, New York, the headquarters of "our system, known

as the Postal Telegraph-Cable Co., operating throughout the United States." The name of Mr. Kernan also appears among the list of officers of the defendant company as auditor. He further says that the immediate superior of Mr. Fitch, manager of the Scranton office, is First District Superintendent Christopher F. Leonard, New York, from whom Fitch takes orders, and to whom he makes report of his official business. He furthermore admits that the supplies for the Scranton office are obtained on requisition from the New York office. How the receipts of the office are ultimately applied, and what are the arrangements of the holdings and sales of stock of the several corporations, has not been shown. Reference has been made to an agreement in writing called a traffic arrangement, which is supposed to control the affairs of the independent companies, comprising the comprehensive system of the defendant company; but this agreement has not been offered, and the court is not able to ascertain from it what are the relations of the two corporations in question.

The plaintiff insists that the Pennsylvania company is only a unit of the system of the defendant company, and holds a subordinate position, being but a means or instrument in furthering the business of the major corporation, or that, in other words, the local corporation is merely the agency of the foreign corporation in conducting its business in this state, and that the latter is therefore engaged in business here, of which Mr. Fitch is its manager, at the Scranton office. The argument comes with some degree of persuasion under the evidence in hand; and, while I am not ready to be convinced, as the matter now stands, I am far from being persuaded to the contrary.

The defendant having failed to rebut the prima facie presumption that the marshal's return is true and that the service is not defective, the rule to show cause why the summons should not be set aside is dismissed.